UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDRID SANTIAGO,

    Plaintiff,

CASE NO.:

v.

DC FLOORING INSTALLATION, INC.,
And DANIEL CANALES, Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Edrid Santiago ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants, DC Flooring Installation, Inc. ("Defendant DC Flooring"), and Daniel Canales ("Defendant Canales"), Individually, collectively ("Defendants"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and unpaid wages under Florida common law.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq. This Court has jurisdiction over the Unpaid Wage claims pursuant to 28 U.S.C. § 1367, because the acts and omissions that give rise to Plaintiffs' FLSA claims are the same acts and omissions that give rise to Plaintiffs' Unpaid Wage Claims.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in this Polk County which is in this district.

## PARTIES

4. Plaintiff is a resident of Polk County, Florida.

5. Defendant DC Flooring operates a flooring business in Davenport, in Polk County, Florida.

6. Defendant Canales is the President and owner of DC Flooring.

7. Defendant DC Flooring and Defendant Canales entered into a joint employer relationship and are authorized as "joint-employers" under the FLSA by virtue of their rigorous control over all of the individual employees. Further, Defendants together prepared the payroll and distributed the payment of wages on behalf of Defendant Patterson for Plaintiff.

## GENERAL ALLEGATIONS

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

11. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

12. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

13. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Defendant continues to be an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

16. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

17. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

## **FACTS**

18. Plaintiff began working for Defendant as an Installer, and he worked in this capacity until June 2021.

19. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for all of his overtime hours at a rate equal to one and one-half times his regular hourly rate.

20. Defendant failed to pay Plaintiff an overtime premium for all of his overtime hours, in violation of the FLSA.

21. Defendant required Plaintiff to work from five o'clock in the morning until five o'clock in the evening. However, Defendant only paid Plaintiff for eight of those ten hours.

22. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff an hourly wage.

23. Defendant failed to pay Plaintiff all wages owed to him, including two hours per day for every day that he worked.

24. Plaintiff's unpaid hours of work constitute "wages" under Florida common law and Fla. Stat. Section 448.08.

25. Defendant's failure to pay Plaintiff all of his wages, including hours that he worked unpaid, was willful.

26. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## **COUNT I – FLSA OVERTIME VIOLATION**

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

28. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

29. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

30. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a)    Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b)    Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

    c)    An amount equal to Plaintiff's overtime damages as liquidated damages;

    d)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e)    A declaratory judgment stating that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

    f)    All costs and attorney's fees incurred in prosecuting these claims; and

    g)    For such further relief as this Court deems just and equitable.

## COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW

31.    Plaintiff realleges and readopts the allegations of paragraphs 1-10 and 17-26 of this Complaint, as though fully set forth herein.

32.    Plaintiff worked for Defendant during the statutory period, and Defendant agreed to pay Plaintiff for his services.

33.    Defendant failed to pay Plaintiff all "wages" owed to him, including his.

34. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

e) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 17th day of August, 2022.

Respectfully submitted,

*/s/ Amanda E. Heystek*

**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**

6